## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ALAN TARRAB,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-16-0401-W-1 |
| v. | |
| DEPARTMENT OF<br>　TRANSPORTATION,<br>　　　　　Agency. | DATE: May 13, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alan Tarrab</u>, Reston, Virginia, pro se.

<u>Elizabeth A. Sorrells</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant did not exhaust his administrative remedies with OSC for two alleged disclosures, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a General Engineer for the agency's Federal Railroad Administration. Initial Appeal File (IAF), Tab 1 at 1.[2] In July 2015, he filed a complaint with the Office of Special Counsel (OSC), alleging that the agency had just denied him a career ladder promotion in reprisal for whistleblowing. *Id*. at 7-17. In January 2016, OSC terminated its inquiry and notified the appellant of applicable Board appeal rights. *Id*. at 18. The instant IRA appeal followed. *Id*. at 5.

Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID). He found that the appellant failed to nonfrivolously allege that he made protected disclosures. ID at 4-9. The appellant has filed a petition for review. Petition for

---

[2] The appellant began working for the agency in February 2015, and he left the agency in October 2015, for a position with the Environmental Protection Agency. IAF, Tab 4 at 4-5, Tab 5 at 4, Tab 7 at 14, 26. The agency indicated that it no longer had access to his electronic official personnel file to document his exact dates of employment, but February to October 2015 is reflected in the appellant's own filings in this case. IAF, Tab 4 at 4, n.1, Tab 7 at 14, 26.

Review (PFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board lacks jurisdiction over matters that were not exhausted before OSC.

The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[3]  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  As to the exhaustion requirement, the Board may only consider the matters raised before OSC.  *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 14, 18 (2004).

As evidence of exhaustion, the appellant submitted his initial complaint to OSC, along with OSC's subsequent closeout letter.  IAF, Tab 1 at 7-19.  OSC summarized his detailed complaint as involving disclosures that the agency was (1) delegating Government authority to private entities, (2) assigning inherently Governmental functions to contractors, (3) violating the Paperwork Reduction Act, (4) violating the Federal Advisory Committee Act, and (5) failing to obtain special permits.[4]  *Id*. at 18.  OSC also identified the alleged personnel action as the denial of a career ladder promotion.  *Id*.

In the IRA appeal proceedings, the appellant has described the number and nature of his disclosures somewhat differently.  *Compare* IAF, Tab 1 at 5, *with* IAF, Tab 7 at 4-5.  Most notably, in one of his pleadings, the appellant reported

---

[3] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[4] For the sake of clarity, we will use "(1)-(5)" to identify these alleged disclosures, despite their varying descriptions throughout the pleadings in this appeal.  *See, e.g.*, IAF, Tab 1 at 5, Tab 7 at 4-5.

making two additional disclosures. IAF, Tab 7 at 5. The first concerned alleged abuses of authority regarding a traffic citation. *Id*. The second concerned an alleged disclosure about whistleblower retaliation. *Id*.

On review, the appellant argues that the administrative judge failed to address these two alleged disclosures. PFR File, Tab 1 at 7 (referencing IAF, Tab 7 at 5). However, there is no evidence that the appellant raised these matters with OSC. Neither disclosure is reflected in his initial complaint to OSC or in OSC's closeout letter.[5] IAF, Tab 1 at 7-17. Although the appellant indicated that he sent OSC additional information after his initial complaint, IAF, Tab 7 at 8, he failed to identify what that information entailed or otherwise show that he raised additional disclosures with OSC. Therefore, we modify the initial decision to find that the Board lacks jurisdiction over these alleged disclosures because the appellant has not proven exhaustion. *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶¶ 6-10 (2014) (finding that the Board lacked jurisdiction over an appellant's new allegations of protected activity separate from the activity that was the core of the retaliation claim described in his submissions to OSC), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015); *Coufal*, 98 M.S.P.R. 31, ¶¶ 14, 18 (same).

Though not raised in his petition for review, at least one of the appellant's pleadings also suggested that the agency retaliated by coercing his resignation. IAF, Tab 5 at 4. To the extent that the appellant intended to pursue that or any other alleged personnel action in the instant appeal, it similarly falls outside the Board's jurisdiction because he has not shown that he exhausted the matter before OSC. IAF, Tab 1 at 7-18.

---

[5] We located the additional disclosures in a letter requesting reconsideration of a performance evaluation. IAF, Tab 7 at 10-11. However, the letter is not signed or dated, and the appellant has not shown that it was provided to OSC for purposes of exhaustion. *Id*. On review, the appellant submitted additional correspondence with OSC, but none of the correspondence references either of these two disclosures. PFR File, Tab 4 at 9-14.

<u>The appellant did not nonfrivolously allege that he made protected disclosures.</u>

As stated above, the appellant's jurisdictional burden required that he present nonfrivolous allegations that he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *Supra*; *see Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (recognizing that vague, conclusory, and unsupported allegations do not satisfy the Board's nonfrivolous pleading standard). A "disclosure," for purposes of an IRA appeal such as this, "does not include a communication concerning policy decisions that lawfully exercise discretionary authority unless the employee or applicant providing the disclosure reasonably believes that the disclosure evidences" the type of misconduct listed in section 2302(b)(8). 5 U.S.C. § 2302(a)(2)(D).

*Disclosure (1), the alleged improper delegation of Government authority to private entities*

According to the appellant's pleadings, he disclosed that the agency unlawfully delegated to the American Association of Railroads (AAR) the authority to review and approve tank car equipment. IAF, Tab 1 at 10, 18. However, the actual disclosure was included in a written report he authored, indicating that his audit "reveal[ed] substantial problems and call[ed] into question the legality and advisability of having AAR continue in its current role." IAF, Tab 7 at 12. Among other things, the report indicated that 49 C.F.R. § 179.3 vested the AAR with the power to approve tank cars, "without a clear showing of statutory authority" to do so. *Id*. According to the appellant, the AAR lacked sufficient staffing and could face pressures to act in a particular way when reviewing and approving tank car equipment. *Id*. at 13. He concluded by stating that "[w]hile the insourcing of the delegated function will require additional resources, it may be the only way to stay within the law and provide reasonable assurance of the safety of the valves involved." *Id*.

The administrative judge found that the agency had successfully advocated that it could delegate its authority in a similar dispute before the U.S. Supreme Court, a case specifically referenced in the appellant's written report. ID at 6-7 (citing *Department of Transportation, et al. v. Association of American Railroads*, 575 U.S. 43 (2015))[6]; IAF, Tab 7 at 12. He further found that the appellant's disclosure reflected a debatable policy disagreement, subject to significant litigation. ID at 7. Therefore, the administrative judge found that the appellant failed to nonfrivolously allege that this was a protected disclosure. ID at 6-7, 9; *see* 5 U.S.C. § 2302(b)(8).

On review, the appellant asserts that he had a reasonable belief that disclosure (1) reflected a violation of law. PFR File, Tab 1 at 4-5; *see, e.g., Applewhite v. Equal Employment Opportunity Commission*, 94 M.S.P.R. 300, ¶ 12 (2003) (recognizing that a whistleblower need not prove that the matter he disclosed actually established any of the conditions described in section 2302(b)(8); instead, he must make a nonfrivolous allegation that the matter he disclosed was one that a reasonable person in his position would believe evidenced any of these conditions). We have considered the appellant's argument, but we disagree.

The test to determine whether the appellant had a reasonable belief that his disclosure evidenced any of the types of wrongdoing identified in 5 U.S.C. § 2302(b)(8) is whether a "disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee [could] reasonably conclude that the actions of the government evidence[d]" such wrongdoing. *Applewhite*, 94 M.S.P.R. 300, ¶ 12 (citing *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)). Determining whether an employee had a reasonable belief that a law, rule, or regulation was violated turns on the facts of a particular

---

[6] In fact, the Court's decision was not so simple. The Court ruled in favor of the agency regarding one discreet issue—whether Amtrak was a government entity for some specific delegation purposes—but remanded for the lower courts to consider other questions that remained, including ones "implicating the Constitution's structural separation of powers and the Appointments Clause." *Association of American Railroads*, 575 U.S. at 46.

case. *Drake v. Agency for International Development*, 543 F.3d 1377, 1381 (Fed. Cir. 2008).

Here, the discovered the issue described in disclosure (1) just weeks after he began working for the agency as a General Engineer. *Supra* n.2; IAF, Tab 7 at 5; *see Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 12, n.5 (2015) (recognizing that an appellant's involvement and understanding of the subject matter at issue may be considered in determining whether he established that he had a reasonable belief that he disclosed a violation of law, rule, or regulation). In addition, the appellant's concerns were based on his own reading of complicated Supreme Court precedent concerning the delegation of Governmental authority, some of which had just been issued days earlier. IAF, Tab 7 at 5, 12; *see Webb*, 122 M.S.P.R. 248, ¶ 12, n.5.

But even if we were to set those facts aside, the appellant has failed to nonfrivolously allege that he made a protected disclosure because his disclosure was essentially a statement why he thought the existing policy *might* pose legal and practical problems. *See supra*. Put another way, the appellant could not have reasonably believed that he was disclosing a violation of law by stating that he was unsure whether the law was violated. *Id*. If we were to find otherwise, an employee such as the appellant could gain whistleblower protections by simply lacking relevant knowledge about a particular policy and how it relates to a particular law, rule, or regulation, and asking another employee to explain. *Compare Webb*, 122 M.S.P.R. 248, ¶¶ 7-8 (finding that an appellant failed to present nonfrivolous allegations of protected disclosures when the alleged disclosures occurred in the context of a general discussion and constituted policy disagreement), *with Ingram v. Department of the Army*, 114 M.S.P.R. 43, ¶¶ 3, 17-18 (2010) (finding that an appellant made nonfrivolous allegations of a protected disclosure when he took ethics concerns to the agency's legal department and later disclosed that an agency employee was acting against the advice of the legal department and violating ethics regulations).

We are mindful of the Federal Circuit's decision in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362 (Fed. Cir. 2020). In that case, the court explained that the Board's jurisdictional determination in an IRA appeal "must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id*. at 1369. But the Board need not consider an appellant's allegations "in a vacuum." *Id*. at 1369 n.5. Therefore, we find it appropriate to look beyond the characterization of this disclosure in the appellant's pleadings, *e.g.*, IAF, Tab 1 at 6, 10-11, Tab 7 at 4-5, to consider the documents he attached, showing that his disclosure was not as he has described, IAF, Tab 7 at 12-13.

We are also mindful that a disclosure can be protected, even if it concerns a robustly debated policy decision. *Hessami*, 979 F.3d at 1370. Therefore, the fact that the appellant's disclosure concerned a policy decision by the agency—its delegation of authority to the AAR—does not necessarily preclude coverage under 5 U.S.C. § 2302(b)(8). Nevertheless, for the reasons explained above, we agree with the administrative judge that the appellant did not make a nonfrivolous allegation that he reasonably believed his disclosure about the agency's policy revealed a violation of law or any other category protected by section 2302(b)(8). He instead made a policy recommendation, based on what he perceived as "question[s about] the legality and advisability" of the existing policy. IAF, Tab 7 at 12. In other words, the appellant did not disclose that he believed the existing policy violated the law; he disclosed that the existing policy raised complicated legal and practical questions—questions that might be avoided by changing the existing policy. Therefore, he did not meet his jurisdictional burden regarding disclosure (1).

*Disclosures (3), (4), and (5), concerning the Paperwork Reduction Act, the Federal Advisory Committee Act, and the alleged failure to obtain special permits*

The appellant's complaint to OSC suggested that there were additional process problems stemming from the matter described in disclosure (1), including ones described in disclosure (3), concerning the Paperwork Reduction Act, and disclosure (5), concerning a failure to obtain special permits. IAF, Tab 1 at 10. In the instant appeal, the appellant similarly connected problems described in disclosure (4), concerning the Federal Advisory Committee Act, to the matter outlined in disclosure (1).[7] IAF, Tab 5 at 5-6, Tab 7 at 4.

The administrative judge found that pendant claims to disclosure (1) were not protected because they also constituted policy disagreements.[8] ID at 7. On review, the appellant states that his alleged disclosures about the Paperwork Reduction Act and the alleged failure to obtain special permits were not pendant claims and should be deemed protected, even if disclosure (1) is not. PFR File, Tab 1 at 6. However, we discern no basis for reaching a conclusion different than that provided in the initial decision.

To the extent that the appellant suggests that he had a reasonable belief that disclosures (3), (4), and (5) revealed the type of wrongdoing described section 2302(b)(8), PFR File, Tab 1 at 4-5, our discussion above similarly applies. To illustrate, in disclosure (3), the appellant stated that "[t]he Paperwork Reduction[] Act . . . applies to forms required to be submitted to third parties," but "AAR's

---

[7] Disclosure (4) is not reflected in the appellant's initial complaint to OSC. IAF, Tab 1 at 7-17. It is, however, identified in OSC's closeout letter. *Id*. at 18. The appellant further referenced disclosure (4) and the alleged violation of the Federal Advisory Committee Act in the instant appeal, but did so without substantive explanation of the alleged violation. IAF, Tab 5 at 5-6, Tab 7 at 4.

[8] The administrative judge described the pendant claims to disclosure (1) as "problems with the process," mirroring the language used by the appellant. *Compare* ID at 7, *with* IAF, Tab 1 at 10. He specifically identified the pendant claims as including disclosures (3) and (4), without mentioning disclosure (5). ID at 7. Nevertheless, we find that disclosure (5) is similarly incorporated as a pendant claim and "problem[] with the process," just as the appellant asserted in his complaint to OSC. IAF, Tab 1 at 10.

forms do not have OMB control numbers" and "the failure to go through the OMB clearance process has resulted in substantive problems with the forms," including the forms having a superfluous field. IAF, Tab 7 at 12. In disclosure (4), the appellant stated that "[w]hile understood in a historical context, legal developments over the last century further call into question the legality of [AAR's] practices" because "the Federal Advisory Committee Act (enacted in 1972) requires that such committees be advisory only." IAF, Tab 7 at 12. The context here is key. Despite the appellant's post hoc characterization of his disclosures, it is apparent that he disclosed general concerns—concerns that were at least tangentially related to various laws and that he believed might warrant a change in policy. But there is no indication that he reasonably believed he had disclosed a violation of law or any other type of wrongdoing described in section 2302(b)(8). Therefore, the appellant has failed to nonfrivolously allege that he made protected disclosures. *See Rebstock*, 122 M.S.P.R. 661, ¶ 12; *Webb*, 122 M.S.P.R. 248, ¶¶ 7-8.

> *Disclosure (2), the alleged improper assignment of inherently Governmental functions to contractors*

Separate from his written report discussed above, the appellant alleged that he disclosed "concerns regarding the use of contractors to perform inherently governmental functions." IAF, Tab 7 at 10. Specifically, the appellant alleged that he revealed that the agency assigned a specific contract employee to participate in the processing of One-Time Movement Approvals (OTMAs), a task that he apparently sought to perform himself. IAF, Tab 1 at 10-11, Tab 7 at 10. According to the appellant, the agency's assignment of that task to a contract employee implicates a regulation found at 48 C.F.R. § 7.503(c)(15). IAF, Tab 1 at 10-11, Tab 7 at 10. That regulation provides that "[c]ontracts shall not be used for the performance of inherently governmental functions." 48 C.F.R. § 7.503(a). However, it also provides an agency with the authority to determine whether a function is inherently Governmental, while also providing the Office of

Management and Budget the authority to review those determinations. 48 C.F.R. § 7.503(a)-(b). The regulation includes examples of inherently Governmental functions, including "[t]he approval of Federal *licensing* actions and inspections." 48 C.F.R. § 7.503(c)(15) (emphasis added).

The administrative judge found that the appellant's disclosure about a contractor participating in the processing of OTMAs was not protected because delegation was within the agency's broad discretionary authority, pursuant to 48 C.F.R. § 7.503(b),[9] and the appellant's disclosure amounted to a policy disagreement. ID at 7-9. He found that it was within the agency's discretion to consider an OTMA a temporary one-time permit, and not a "license" within the scope of 48 C.F.R. § 7.503(c)(15). ID at 8.

On review, the appellant generally disagrees with the administrative judge's conclusion that an OTMA is not a "license," within the scope of 48 C.F.R. § 7.503(c)(15). PFR File, Tab 1 at 6-7. He cites the definition of "license" in 5 U.S.C. § 551(8), a statute that appears to have no relation to the matter at hand, without further explanation. *Id*. The appellant also cites an agency bulletin concerning OTMAs, generally, again without further explanation. *Id*. at 4 (citing www.fra.dot.gov/eLib/Details/L04844). It is unclear whether the statute or bulletin the appellant now relies on supports his arguments. *See Rebstock*, 122 M.S.P.R. 661, ¶ 12. In any event, to the extent that the appellant suggests that he also had a reasonable belief that he was disclosing a violation in this disclosure, PFR File, Tab 1 at 4-5, our discussion above similarly applies. The record suggests that the appellant was a new employee, questioning many of the agency's policy decisions and processes, generally. It does not suggest that a disinterested observer in his position could reasonably believe that he had disclosed the type of wrongdoing described in section 2302(b)(8).

Accordingly, we affirm the initial decision as modified.

---

[9] The appellant was aware of 48 C.F.R. § 7.503, as evidenced by his discussion of it in the written report he drafted, containing some of his disclosures. IAF, Tab 7 at 12.

**NOTICE OF APPEAL RIGHTS[10]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.